

# Fourth Court of Appeals
## San Antonio, Texas

April 10, 2014

No. 04-13-00665-CV

**IN THE INTEREST OF R.S.D**. a child,

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-00894
Honorable H. Paul Canales, Judge Presiding

## O R D E R

This accelerated appeal was abated to the trial court on February 3, 2014 for the purpose of holding a hearing and making a determination of the date on which appellant or her attorney first either (i) received the district clerk's notice of the signed judgment or (ii) acquired actual knowledge of the signed judgment. *See* TEX. R. APP. P. 4.2(a), (c) (extending the appellate timetable for perfecting an appeal due to lack of notice of the signing of the judgment); TEX. R. CIV. P. 306a(4). Our abatement order instructed the trial court to require appellant's appointed attorney, Mr. David Kaliski, to appear at the hearing; a copy of our order was also sent to Mr. Kaliski. The supplemental record shows the trial court notified Mr. Kaliski of the February 26, 2014 hearing date, but he failed to appear at the hearing. In addition, despite the trial court's order that arrangements be made to permit appellant, who is incarcerated, to appear at the hearing by audio or video, appellant was not present at the hearing. At the conclusion of the hearing at which only the attorney ad litem for the child and attorney for the Department of Family and Protective Services appeared and participated, the trial court stated on the record that it would continue the hearing to another date so that appellant and Mr. Kaliski could participate.

Subsequently, the trial court entered partial findings of fact on March 3, 2014 and March 12, 2014, finding that: (1) the trial on the merits was heard on June 21, 2013 and judgment was orally rendered in open court at the conclusion of the trial that day; (2) all parties and their attorneys were present in person or by telephone at the trial; (3) the final judgment was signed on July 17, 2013; (4) the district clerk sent written notice of the signing of the judgment pursuant to Rule 306a(3) to all the attorneys of record, including Mr. Kaliski, on July 18, 2013; (5) the district clerk sent two written notices of the signing of the judgment to appellant on July 18, 2013; and (6) the attorney ad litem for the child received the notice of judgment in July 2013. The trial court noted that it was unable to determine if the written notice of judgment was actually received by appellant or her attorney, Mr. Kaliski, and stated it would schedule another hearing in which appellant and her attorney could participate.

In view of the incomplete nature of the record and the court's findings, the trial court is ORDERED to set another hearing on this matter as soon as practicable and to take appropriate

steps to ensure that appellant participates in the hearing either in person or by audio/video. Appellant's current address is: Tamara Bramlett, #1806738, Lockhart Facility 3E-102, P.O. Box 1170, Lockhart, Texas 78644. However, appellant has recently notified this court that she is being paroled and is scheduled to be released sometime between now and April 28, 2014. Appellant's home address after her release on parole will be: 3609 W. Joby, Apt. 2, Edinburg, Texas 78541.

It is further ORDERED that attorney of record for appellant, Mr. David Kaliski, MUST APPEAR at the hearing on this matter in the trial court. **If DAVID KALISKI fails to appear at the hearing, he will be ordered to appear and show cause in this Court why he should not be held in civil or criminal contempt or otherwise sanctioned.** The Clerk of this Court is instructed to send a copy of this order to DAVID KALISKI by certified mail, return receipt requested.

It is further ORDERED that the trial court clerk prepare and file a supplemental clerk's record containing the trial court's written findings concerning the date when appellant or her attorney first either received notice or acquired actual knowledge that the judgment was signed pursuant to TEX. R. APP. P. 4.2(c), and the court reporter prepare and file a reporter's record of the hearing, in this Court *within thirty (30) days* from the date of this order. All other appellate deadlines are suspended pending further order of the court.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 10th day of April, 2014.

_____
Keith E. Hottle
Clerk of Court